UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM EARL HENDERSON, #137013,

        Petitioner,

v.                                  CASE NO. 05-CV-73007-DT
                                      HONORABLE PAUL D. BORMAN

KURT JONES,

        Respondent.
_____/

### ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

      Petitioner William Earl Henderson, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court convictions for armed robbery, assault with intent to do great bodily harm less than murder, and breaking and entering an occupied dwelling which were imposed following a jury trial in the Recorder's Court for the City of Detroit (now Wayne County Circuit Court) in 1995. Petitioner was sentenced as a fourth habitual offender to life imprisonment. Petitioner has previously filed a petition for a writ of habeas corpus in federal court challenging his convictions. For the following reasons, this Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651,

1

664 (1996).

Petitioner has previously filed a federal habeas petition challenging the same convictions challenged in the instant petition, which was denied on the merits. *See Henderson v. Stegall*, No. 00-CV-75136-DT (E.D. Mich. Jan. 31, 2002) (Rosen, J.). The United States Court of Appeals for the Sixth Circuit denied a certificate of appealability. *See Henderson v. Stegall*, No. 02-1327 (6th Cir. Dec. 11, 2002). Petitioner has neither sought nor obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

                                               s/Paul D. Borman
                                               PAUL D. BORMAN
                                               UNITED STATES DISTRICT JUDGE

Dated: August 11, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 11, 2005.

                                               s/Jonie Parker
                                               Case Manager

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.